ADELAIDE CURBAY v. JULIA BELLEMER.

*Ejectment—Adverse possession—Statute of limitations—Married women.*

1. Sixteen years' *adverse* possession[1] under a claim of title bars recovery in an action of ejectment against such occupant.

So *held*, where a vendee was in *actual* possession of land under an agreement for its purchase in 1871, and in 1872 received a warranty deed of a portion of the land, and a like conveyance of the balance in 1875, and in 1884, having retained *such* possession continuously, conveyed the land by like deed to his wife, who maintained a like possession until 1887, when she was sought to be ousted by suit in ejectment, the statute having begun to run at the time of taking possession in 1871.

2. The married woman's act of 1855 (How. Stat. §§ 6295, 6297), which removed the disability of coverture, and permitted a married woman to bring suit for her *sole* property in the same manner as if she were unmarried, repealed the exception in her favor created by the statute of 1846 as to the operation of the statute of

[1] See *Cook v. Clinton*, 64 Mich. 310 (head-note 3), as to what constitutes adverse possession; which may be shown under the general issue in ejectment: *Miller v. Beck*, 68 Id. 76.

limitations (*King v. Merritt*, 67 Mich. 217), which exception was not re-enacted by the amendment of 1863, which provided that "absence from the United States" should not apply to persons "within one of the British provinces of North America."

Error to Chippewa. (Steere, J.) Argued April 19, 1888. Decided April 27, 1888.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*A. C. Maxwell*, for appellant.

*J. W. McMahon*, for defendant.

SHERWOOD, C. J. This suit is ejectment, brought in the Chippewa circuit, to recover possession of the undivided 21–128 parts of lot No. 3, in Frichette's addition to the village of Sault Ste. Marie, in the county aforesaid, and being part of private land claim numbered 23, in said village.

Under the plea of the general issue, the defendant gave notice that she would show that the plaintiff's action was barred by the statute of limitations.

The cause was tried before Judge Steere, without a jury, who found the facts at the request of the plaintiff, and subsequently rendered judgment for the defendant. The plaintiff brings error.

The court found that on May 4, 1874, John Baptist Boneau obtained a patent from the government, in pursuance of the act of Congress providing for settling private land claims at Sault Ste. Marie, approved in 1850, which confirmed the title of the grantee to private claim numbered 23, in the village, consisting of 2.95 acres.

"That on August 20, 1857, the said John Baptist Boneau conveyed the whole of said private land claim number 23 to Dancite Boneau, his wife, by warranty deed of that date, with all the usual covenants of warranty, which deed was duly executed, acknowledged, and witnessed, and on that day

recorded in the office of the register of deeds of said county, in Book three (3) of Deeds, on page 145.

" Said John Baptist Boneau and his wife were of French decent, and Dancite, the name of his wife, is the same as Augusta in the English language. The said Dancite or Augusta died 22 years ago, leaving said estate undisposed of. The heirs at law of the said Dancite or Augusta Boneau were six children, of whom Adelaide Boneau Lamarand was one, and Micheal Boneau was another.

" Adelaide Boneau Lamarand and Michael Boneau died intestate before the year 1884; said Adelaide Boneau Lamarand leaving as heirs at law two children, the plaintiff in this suit, and Frank Lamarand, her brother; and the said Micheal Boneau leaving as his heirs at law four children, namely, Pauline Boneau Trudo, Flora Boneau Burke, Michael Boneau, and Mary Jane Hussey, none of whom appear by the testimony to have been in any manner protected by minority, or to have been married, further than their names would indicate.

" That said Frank Lamarand conveyed his said interest in said private claim to the plaintiff, by deed dated July 30, 1887, which was duly acknowledged, witnessed, and recorded in said register's office, September 8, 1887.

" That three of the four heirs of Michael Boneau, son of said Dancite or Augusta Boneau, also conveyed their interest in said private claim number 23 to the plaintiff, viz., Pauline Boneau Trudo, Micheal Boneau, and Flora Boneau Burke, by deed dated August 26, 1887, which deed was duly executed, witnessed, and acknowledged, and afterwards recorded, on August 27, 1887, in Book 17 of Deeds, on page 460, in said register's office. By these several conveyances, and by her own inheritance, the plaintiff appears, from the records, to have acquired title to eleven forty-eighths of the whole of said private claim number 23.

" The defendant occupied that part of the private claim described in the plaintiff's declaration at the time of the commencement of this suit.

" Just previous to the commencement of this suit, the plaintiff applied to the defendant for her share of the lot which defendant occupied. Defendant wholly denied the plaintiff's right to any part of the property, or any interest therein.

" That plaintiff is now 42 years of age, and was married, at the age of nineteen years, to her present husband, Peter Ourbay, who is still living.

"That one of the daughters of the said John Baptist. Boneau was named Dancite or Augusta, and she married William Frichette.

"On September 18, 1865, John Baptist Boneau quitclaimed private claim 23 to this daughter. This deed recites a consideration of one dollar, and was recorded in October, 1865.

"On October 7, 1868, Mrs. Dancite Frichette conveyed whatever interest she acquired, under the last-mentioned deed, to this entire claim number 23, to her husband William Frichette, by warranty deed of that date.

"The said William Frichette and his said wife, by warranty deed of the date of February, 1872, conveyed to Alexander Bellemer the south sixty (60) feet of land described in plaintiff's declaration in this case, and by a subsequent warranty deed dated May 1, 1875, said Frichette and wife conveyed the other land described in plaintiff's declaration to the said Alexander Bellemer, and on October 10, 1884, said Bellemer, by warranty deed, conveyed all the land so deeded to him to the defendant

"In September, 1871, Alexander Bellemer made a bargain with said William Frichette to buy the land afterwards conveyed to him by the two deeds last before mentioned, and at that time entered into possession of the lots so afterwards conveyed to him. He at once erected a log-house on the south end of the lot, and soon afterwards fenced the land all in. He claimed, under and by virtue of said conveyance, in good faith to own all of the land described in the same deeds to him. Alexander Bellemer died three years ago, and since then his wife, the defendant, has been in possession of the property.

"After the death of Dancite or Augusta Boneau, said John Baptist Boneau and William Frichette and his wife continued to live upon a portion of this private land claim until about 11 years ago, the old man Boneau working some on the lot, but mostly engaged in fishing; the same William Frichette exercising control of and claiming to own the same, but making no claim to the portion claimed by defendant.

"The possession of the Bellemers had been exclusive, open, notorious, peaceable, adverse, and continuous for the past 16 years, claiming title to the whole under the deeds from Frichette and his wife, and denying entry to their co-tenants, thereby ousting them.

"As conclusions of law I find—

"1. That, under the claim of title set up by defendant in this case, 15 years' adverse possession of the land, after

ouster of their co-tenants by the defendants, is sufficient to bar the plaintiff from any recovery in this case.

"2. That, considering the statute in force, giving the right to sue to a married woman the same as if she was unmarried, the plaintiff cannot maintain this action, after the expiration of 15 years of exclusive adverse possession of the property against her, because of the fact that she was under 21 years of age when married, and is still a married woman."

It is claimed by counsel for the plaintiff that, upon the finding of facts, the judgment should have been for the plaintiff.

The finding is to the effect that Mr. Bellemer bought the lot in question in 1871, and very soon took possession thereof, settled upon it, built his house thereon, and commenced the use of the property; that the possession thus taken is adverse to the claim made by the plaintiff, and has been continued in the defendant and her grantors during a period of at least 16 years before the commencement of this suit. The statute began to run at the time Bellemer took possession, and, being continually adverse, will necessarily bar the plaintiff's action, unless the operation of the statute, as to the plaintiff, has for some cause been suspended.

It is claimed by plaintiff's counsel that defendant's being a married woman brought her case within one of the exceptions under the statute.

It was held by this Court in *King v. Merritt*, 67 Mich. 194 (34 N. W. Rep. 689), that the married woman's act of 1855 removed the disability of coverture, and permitted her to bring suit for her sole property, and thereby repealed the exception created in her favor by the statute of 1846. It is, however, insisted that the exception is retained, and still in force, under the amendatory act of 1863; and, that being so, the statute under which the limitation in the case is claimed, containing the exception, must be held to control.

We are not able to agree with the learned counsel for the plaintiff as to the effect of the action taken by the Legisla-

ture in 1863. That amendment brought into section 5354, Comp. Laws of 1857 (How. Stat. § 8702), only the following clause relating to the suspension of the running of the statute, "unless within one of the British provinces of North America." The Legislature had no intention of changing the legal effect of the section in any other respect. The announcement of the repeal of the clause relating to married women had not yet been made by this Court when the amendment was made, and the same reason for the abrogation of the clause repealed existed in 1863 as in 1855, so that there was no reason apparent, or necessity, for the consideration of the subject by the Legislature of 1863; and the retention and legal effect of the continuance of the repealed clause can but be regarded as if the amendment had never been made. Any other view would manifestly not be according to the fact, and unreasonable.

The provision of the Constitution requiring the several parts of an act, when amended, to be brought together, and published, as amended, consecutively in the compilation to be made, cannot be invoked to aid in the construction of the law of 1863 in favor of the plaintiff. There is no intention of any such object as is attributed to the amendment expressed in its title, which we think should have appeared therein if so important a change as is claimed to have been made had been contemplated. Nothing of that kind, however, appears.

Under the findings made by the circuit judge, we think his conclusions of law were correct, and that the judgment should be affirmed.

CHAMPLIN, MORSE, and LONG, JJ., concurred. CAMPBELL, J., did not sit.