## In the Matter of Clark A. Johnson on Habeas Corpus.

*Criminal law—Costs of prosecution—Judgment.*

1. Where on conviction a respondent is required to pay a specified fine and the costs of prosecution, and in default of payment his commitment is ordered, the better practice is for the court to determine the amount of costs which the respondent is required to pay, and state the amount in the judgment.

2. Where such practice is followed, and there is nothing to show that the costs imposed are more than were in fact incurred in the prosecution of the case, the judgment cannot be attacked collaterally.

*Habeas corpus* proceedings. Argued March 1, 1895. Prisoner remanded March 12, 1895.

Petitioner applied for the writ of *habeas corpus* to inquire into the cause of his detention in the Detroit House of Correction. The facts are stated in the opinion.

*Edward S. Grece,* for petitioner.

*Fred A. Maynard,* Attorney General, for the people.

PER CURIAM. This is an application for a writ of *habeas corpus.* The return shows that a fine of $200 and $50 costs were imposed upon the petitioner, and it was ordered that in default of payment he should be committed to the Detroit House of Correction until the fine and costs should be paid, not exceeding 90 days. This time has not expired.

It is contended that the costs should have been taxed by the clerk; but the common practice—in criminal cases the better practice—is for the court to determine the amount of costs which the respondent will be required to pay, and state the amount in the judgment. The proceeding is necessarily summary. The alternative is given to the respondent to pay the judgment forthwith, and it would be impossible in such cases to delay the taxing of costs until notice is given and a proceeding had before the clerk.

The judgment appears regular upon its face, and there is nothing to show that the costs imposed were more than were in fact incurred in the prosecution.

Under these circumstances, we think the judgment cannot be attacked collaterally, and the prisoner will be remanded.