IN THE MATTER OF ELLEN BUSHEY ON HABEAS CORPUS.

*Statutes—Repeal by implication—Municipal ordinances—Sufficiency of complaint—Habeas corpus.*

1. It cannot be presumed that the Legislature intended to repeal a law when no reference is made to it in the later act, unless the intent is clear.

2. It was not the intent of the Legislature by the passage of Act No. 408, Local Acts of 1893, which amended certain sections of the charter of the city of Detroit, to take from the police court of said city jurisdiction to hear, try, and determine cases arising under the city ordinances.

3. Section 35 of chapter 7 of the charter of the city of Detroit, which provides that the common council may provide for the prohibition and prevention of any disorderly noise or disturbance in the streets or elsewhere in said city, confers power upon the common council to pass an ordinance punishing "any person who shall make any disturbance by which the peace and good order of the neighborhood are disturbed," etc.

4. A complaint under said ordinance which charges that the person complained of was and is a disorderly person, for that she was on a specified day, at said city, making and assisting in making a noise, disturbance, and improper diversion, by which the peace and good order of the neighborhood were disturbed, is sufficient, and the words "disorderly person" may be treated as surplusage.

5. A conviction under a valid city ordinance, on a valid complaint, by a court having jurisdiction to try and determine the offense charged, cannot be disturbed on *habeas corpus*.

*Habeas corpus.* Argued March 1, 1895. Prisoner remanded April 16, 1895. The facts are stated in the opinion.

*Turner, Turner & Crawford,* for petitioner.

*John G. Hawley,* for city of Detroit.

LONG, J. Petitioner was convicted in the police

court of the city of Detroit upon a complaint which charged that—

"On the 14th day of January, A. D. 1895, at the city of Detroit aforesaid, one Ellen Bushey was and is a disorderly person, for that the said defendant then and there was making and assisting in making a noise, disturbance, and improper diversion, by which the peace and good order of the neighborhood were disturbed," etc.

The petitioner is now confined in the Detroit House of Correction. A hearing has been had on petition for *habeas corpus.*

Section 10, Act No. 161, Laws of 1885, provides:

"The police court shall have concurrent jurisdiction with the recorder's court of the city of Detroit to hear, try, and determine cases arising under the ordinances of the common council relative to common prostitutes, vagrants, mendicants, street beggars, drunken persons, disorderly persons, disturbances, and breaches of the peace," etc.

Counsel for petitioner contend that this act was repealed by Act No. 408, Local Acts of 1893, and that by the provisions of the latter act the power to try cases for violations of the ordinances of the common council is exclusively vested in the recorder's court, and that the police court of the city of Detroit has only jurisdiction to try cases arising under the general laws of the State.

The local act of 1893 is entitled—

"An act to amend sections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 14, 18, 22, 47, and 48 of chapter 12 of an act entitled, 'An act to provide a charter for the city of Detroit, and to repeal all acts and parts of acts in conflict therewith,' approved June 7, 1883, as amended by the several acts amendatory thereof, and to repeal all acts or parts of acts inconsistent herewith."

Section 22 of chapter 12, as it stood in Act No. 326, Local Acts of 1883, is as follows:

105 MICH.—5.

"Said recorder's court shall have exclusive cognizance of all prosecutions for offenses arising under this act, or any ordinance or regulation of the common council. All such prosecutions shall be *'In the name of the people of the State of Michigan,'* and be commenced by filing with the clerk of said court a complaint, in writing, in the form of an affidavit, duly sworn to before said clerk, and subscribed by the person making the complaint, and having indorsed thereon the proper jurat of said clerk; and it shall be deemed sufficient to set forth in said complaint the offense complained of according to its substance. When a complaint shall be filed as herein provided, a summons shall be issued by the clerk of said court, commanding the respondent in said complaint to appear before said court on a day therein mentioned to answer to said complaint; and, if said respondent shall fail to appear in obedience to said summons, warrants may be issued by the clerk *of said court, upon the request of the city attorney indorsed upon the complaint, or* upon the order of said court *or of the judge thereof,* for the arrest of said respondent, who shall be committed to the jail of Wayne county to await trial upon said complaint, unless he enter *into a* recognizance for his appearance to answer to said complaint, in such sum and with such sureties as said court may by a general or special order direct. A warrant may be issued in the first instance [upon the order of said court] *if it be alleged in said complaint that there is danger of the escape of the respondent beyond the reach of the process of said court unless a warrant do issue.* The trial shall be had and determined upon said complaint and upon pleadings, which may be amended in the same manner as indictments or informations and pleadings under the general laws of the State."

The amendment of that section by Act No. 408, Local Acts of 1893, only struck out the words and phrases of the section italicized above, and inserted the clause in brackets. Section 51 of Act No. 408, Local Acts of 1893, provides that—

"All acts or parts of acts inconsistent with or contravening the provisions of this act are hereby repealed."

The title of Act No. 326, Local Acts of 1883, which was amended by the act of 1893, is,—

"An act to provide a charter for the city of Detroit, and to repeal all acts and parts of acts in conflict therewith."

Various amendments were made to several sections of Act No. 326 by the act of 1893, while substantially the whole of section 22 was incorporated into the act, the only changes being those mentioned.

The act of 1885, under which the present case was brought, is entitled,—

"An act to establish the police court of the city of Detroit."

It contains 25 sections, and confers upon the police justices to be elected under the act certain powers which before the act took effect were vested in the recorder's court. It was the evident intent of the Legislature to relieve the recorder's court of petty cases arising under the ordinances of the common council, and to clothe the police justices with power to hear, try, and determine them, as the police court under the act establishing it in 1850 had the power only of a justice of the peace. Act No. 301, Laws of 1850. The contention of counsel for the city is that the Legislature did not intend by the amendment of 1893 to the act of 1883 to take from the police court the power conferred upon it by the act of 1885 establishing the police court. The act of 1893 does not in terms affect the police-court act; but counsel for petitioner claim that the re-enactment of section 22 and the repealing clause contained in section 51 in effect repeal such part of the police-court act as gives to the police justices jurisdiction in ordinance cases. We think not. Repeals by implication are not favored in the law, and we cannot presume that the Legislature intended to repeal a law when no reference is made to it, unless the intent is clear. The title of the act of 1893 shows a purpose to amend certain existing sections of the act of 1883, and makes no reference to any other act. As was said in *Attorney General v. City of Detroit*, 71 Mich. 97:

"The frequent and careless revision and re-enactment of charters for Detroit has led to a good deal of confusion, but it cannot be assumed that the re-enactment or modification of charter provisions is intended to affect special legislation outside of the charter without a very manifest indication of such an intent."

In *Brown v. Circuit Judge*, 75 Mich. 280, Mr. Justice CAMPBELL, in speaking of the question of repeal by implication, said:

"Apart from the serious question whether, under cover of amending one section of the Compiled Laws, the whole body of the laws can be revolutionized, it is very certain that laws passed for one purpose, and under one title or category, cannot be made to do duty under a foreign enactment, which was not in any way within their contemplated range."

See, also, *Curbay v. Bellemer*, 70 Mich. 106.

The amendment of 1893 clearly shows that the legislative purpose was to create an additional judge of the recorder's court, and to provide for his election. It is noticeable that the amendatory act of 1893 leaves section 11 of chapter 12 to read as it did under the act of 1883. This section provides that—

"The said recorder's court shall have original and exclusive jurisdiction of all prosecutions and proceedings in behalf of the people of this State for crimes, misdemeanors, and offenses arising under the laws of this State, and committed within the corporate limits of the city of Detroit, except in cases cognizable by the police court of the city of Detroit, or by the justices of the peace of said city," etc.

Section 21 is also left in force, which provides that all writs and processes issuing from the recorder's court on complaints under the city ordinances shall be directed to the superintendent or any member of the metropolitan police, to be executed by them. Section 49 is also contained in the act, and not changed or repealed. This section provides that the act shall not be construed to repeal or in any way affect any of the

provisions of Act No. 479, Laws of 1871, which act provides for the holding for trial by the police court to the recorder's court of all offenders where the offense is not cognizable by the police magistrate. We think it was not the intent of the Legislature to take from the police court the jurisdiction to hear, try, and determine cases arising under the city ordinances.

It is further contended that the common council of the city of Detroit had no power to enact ordinances to punish in this class of cases. Section 35 of chapter 7 of the Detroit charter reads:

"The council * * * may provide for the prohibition and prevention of any * * * disorderly noise, disturbance * * * in the streets or elsewhere in said city."

Section 2, chap. 68, of the Revised Ordinances of 1884, under which this prosecution was had, provides that—

"Any person who shall make * * * any disturbance * * * by which the peace and good order of the neighborhood are disturbed * * * shall be punished," etc.

The charter therefore conferred the power upon the common council to pass the ordinance in question.

It is contended, however, that there is no offense under this ordinance stated in the complaint and warrant, as it is set out that the petitioner was "a disorderly person," for that said defendant was disturbing the peace, contrary to the form of the ordinance, etc. The complaint and warrant must be held good under the ordinance. The fact that the defendant is described as "a disorderly person" does not render the complaint and warrant bad. The complaint was for disturbing the peace, contrary to the form of the ordinance, and the words "disorderly person" may be treated as surplusage. 1 Bish. Cr. Pro. (2d ed.) §§ 478, 479, and cases there cited. The complaint and warrant contain all the necessary averments with these words eliminated; and, as the above author says:

. "If the indictment is founded on a statute, and it con-
, tains allegations covering all the terms of the statute,
and making a complete offense, and then it adds some-
thing by way of making he offense appear more enor-
mous, this latter matter may be disregarded as mere
surplusage. It will have no effect to vitiate the indict-
ment, and it need not be proved."

Jurisdiction is the only question open on *habeas corpus.*
There was a valid ordinance, a valid complaint, and the
' court had jurisdiction to try and determine the offense
charged.

The prisoner must be remanded.

The other Justices concurred.