*In re* LEWIS.

1. HABEAS CORPUS—REVIEW OF CONVICTION—EVIDENCE.
Where jurisdiction is shown, the sufficiency of the evidence to sustain a conviction will not be reviewed on *habeas corpus*.

2. SAME—JURISDICTION.
Where the judgment of a superior court is collaterally attacked by proceedings in *habeas corpus*, nothing will be intended to be out of the jurisdiction of such court except that which especially appears to be so.

3. SAME—INFORMATION—COMMITMENT.
A prisoner will not be released on *habeas corpus* because the order of commitment recited his offense as larceny "from a store" merely, instead of the statutory offense of larceny in a store in the daytime, if the return sets up facts, the consideration of which is not objected to by petitioner, showing that he was informed against and tried for, and convicted of, the statutory offense.

*Habeas corpus* by George W. Lewis to secure his release from the State house of correction and reformatory at Ionia. Submitted May 1, 1900. Petitioner remanded May 15, 1900.

*George E. & M. A. Nichols,* for petitioner.

*Horace M. Oren,* Attorney General, for the people.

MONTGOMERY, C. J.   The return shows the petitioner is held by the warden of the State house of correction and reformatory at Ionia by virtue of a judgment of the circuit court for the county of Kalamazoo.   The judgment entry recites that the prisoner has been "duly convicted of the crime of larceny from a store, as appears by the record thereof," and concludes with a sentence to the State house of correction and reformatory at Ionia for a term of four years.

It is contended that the prisoner should be discharged for the reason that the commitment does not, on its face, show that the offense of which the prisoner was convicted was one punishable by imprisonment in the institution to which he was committed.   The defects pointed out are that the recitation is that larceny "from" a store was committed, whereas the offense defined by the statute is larceny "in" a store, and that the judgment does not recite that the larceny was committed in the daytime, which is also an ingredient of the offense.   The return of the officer is accompanied by a copy of the information upon which the petitioner was tried.   The record, as thus supplemented, shows that he was tried and convicted of the statutory offense.

The return also shows what the testimony tended to show, and petitioner's counsel contend that this testimony does not show that the offense was committed in the store building, within the meaning of the statute.   It is not the office of *habeas corpus* to review the proceedings of the trial court, where jurisdiction is shown.   Such review should be taken on a writ of error.

Is the commitment so defective as to require the enlargement of the petitioner?   In determining this, it is to be kept in mind that the proceeding under review was had in a superior court.   In *habeas corpus* proceedings, as in others where the attack is collateral, the judgments

of a superior court receive different consideration than that accorded to those of inferior tribunals. Hurd, Hab. Corp. 367 *et seq.* The general rule is that nothing shall be intended to be out of the jurisdiction of a superior court, except that which especially appears to be. Id. 367. We find it unnecessary to determine whether this judgment entry, standing alone, would be sufficient evidence. It is common practice to accompany a writ of *habeas corpus* by a writ of *certiorari.* This course was not taken in this case, but the return sets up the facts, and petitioner's counsel offer no objection to their consideration. By this return it appears that the prisoner was convicted by a court of competent jurisdiction of an offense properly charged, and which subjected him to the punishment meted out to him. Under such circumstances, the petitioner should not be discharged. Hurd, Hab. Corp. 419 *et seq.*

The prisoner will be remanded to serve out his sentence, unless sooner discharged.

The other Justices concurred.