*In re* BUTLER.

1. CRIMINAL LAW—HABITUAL CRIMINALS—STATUTES—REPEAL.
   Sections 11785 and 11786 of the Compiled Laws, providing for additional punishment of habitual criminals, are not repealed by section 2112 pertaining to an allowance of good time for good behavior in prison.

2. SAME—SENTENCE—PRESUMPTIONS.
   Though a convict previously convicted cannot be subjected to the increased penalty provided by 3 Comp. Laws, §§ 11785, 11786, unless he is sentenced to imprisonment for at least a year for the offense committed, without reference to

138  453
f153  ³515

the increased penalty, where a criminal has been twice con-
victed, and is sentenced on a third conviction to imprison-
ment for 20 years for larceny, it will be presumed that he was.
given the maximum punishment of 5 years' imprisonment for·
the larceny, and that the remainder of the sentence was there-
fore properly imposed, under section 11786.

3. HABEAS CORPUS—IRREGULAR SENTENCE—WRIT OF ERROR.
Where a criminal has been properly convicted, but irregularly
sentenced, the irregularity cannot be reviewed by habeas
corpus, since the writ cannot be substituted for a writ of.
error.

Habeas corpus proceedings by James Butler to obtain
his release from imprisonment in the State prison at Jack-
son.   Submitted November 17, 1904.   (Calendar No. 20,-
816.)   Prisoner remanded December 14, 1904.

*Thomas, Cummins & Nichols*, for petitioner.

*Charles A. Blair*, Attorney General (*George S. Law*,
of counsel), for respondent warden.

HOOKER, J.   On October 19, 1897, the petitioner was·
sentenced to confinement in the State prison for 20 years
upon a conviction of the offense of larceny from a dwell-
ing in the daytime, the penalty for which is such confine-
ment for a period not exceeding 5 years.   It was alleged.
in the information and proved upon the trial that he had
been twice before convicted and sentenced to terms of one
year or more, and the brief for the petitioner states that
" it is supposed that this penalty was imposed by reason
of the provisions of sections 11785 and 11786 of the Com--
piled Laws of 1897."   These sections are as follows:

"When any person shall be convicted of any offense, and
shall be duly sentenced therefor to confinement in the
State prison of this State, for one year or more, and it
shall be alleged in the indictment on which such convic-
tion is had, and admitted or proved on the trial, that the
convict has before been sentenced to a like punishment by
any court in this State, or in any other of the United
States, for a period not less than one year, he shall be·

sentenced to be punished by imprisonment in the State prison not more than seven years, in addition to the punishment prescribed by law for the offense of which he shall then be convicted.

" When any such convict shall have been twice before sentenced to imprisonment at hard labor, for a period of not less than one year at each time, by any court in this State, or in any other of the United States, he shall be sentenced to imprisonment at hard labor for life, or for a term of not less than seven years in addition to the punishment prescribed by law for the offense of which he shall then be convicted."

Two points are relied upon as grounds for the petitioner's discharge: (1) That sections 11785 and 11786 were repealed by section 2112; (2) that under section 11785 it was necessary to the validity of an increased sentence that the record show that at least one year of the term was not included in the additional penalty imposed under section 11786.

Section 2112 is a statute pertaining to an allowance of good time for good behavior in prison. It is in no sense an imposition of additional penalty upon confirmed criminality, to be imposed by the court, but is a reduction of such penalty, to be allowed by the prison board, upon the basis of the prisoner's conduct subsequent to sentence. *In re Canfield,* 98 Mich. 644.

The second point is a technical one. It is first argued that under neither of these sections (11785 and 11786) can one be subject to increased penalty unless he is sentenced to confinement for at least one year for the offense committed, without reference to the penalty. If this be conceded, we are justified in presuming that the maximum punishment (i. e., five years) was imposed under the statute punishing such offense, and that the remainder was imposed under the provisions of section 11786. Again, the defendant's conviction was affirmed, after sentence, by this court. See *People* v. *Butler,* 122 Mich. 36. If the technical error now relied upon had been then raised it would have been considered, but it was not.

Had it been held fatal, the cause would have been remanded for sentence, when the full penalty could have been imposed, as before. It is even doubtful if this question could have been raised in habeas corpus in the first instance. See the following authorities cited by the attorney general: *In re Underwood*, 30 Mich. 502; *Hamilton's Case*, 51 Mich. 174; *In re Coffeen*, 38 Mich. 311; *In re Maguire*, 114 Mich. 80; *In re Bishop*, 172 Mass. 35. These cases sustain the rule that when there is a valid conviction and an irregular sentence, which may, under the law, be corrected by a new sentence, habeas corpus will not be permitted to perform the function of a writ of error.

The petitioner's prayer is denied, and he will be remanded to the custody of respondent.

The other Justices concurred.