*In re* VITALI.

1. CRIMINAL LAW—ILLEGAL SENTENCE—POWER TO RESENTENCE.
   Where the trial court has imposed an illegal sentence, it has the power to substitute for it a legal sentence, notwithstanding the illegal sentence has been partly executed.

2. HABEAS CORPUS—IRREGULAR SENTENCE—PROPRIETY OF REMEDY.
   When there is a valid conviction and an irregular sentence, which, under the law, may be corrected by a new sentence, habeas corpus will not be permitted to perform the office of a writ of error.

Habeas corpus proceedings by Andrea Vitali to obtain his release from imprisonment in the State prison at Jackson. Submitted June 9, 1908. (Calendar No. 22,898.) Prisoner remanded July 1, 1908.

*Joseph T. Schiappacasse*, for petitioner.

*John E. Bird* (*George S. Law*, of counsel), for respondent warden.

MOORE, J.   The petitioner was convicted of murder in the second degree.   He was sentenced to the Michigan State prison at Jackson for life and is now serving sentence.   It is his claim that he is entitled to be discharged because section 3 of Act No. 184 of the Public Acts of 1905, known as the indeterminate sentence law, repeals that part of the statute allowing a sentence for life as punishment for the crime of murder in the second degree. No claim is made that the proceedings leading up to and including the conviction were not proper, but it is said that the sentence does not comply with the provisions of the indeterminate sentence law and is void and the prisoner should be discharged.

The case of *People* v. *Farrell*, 146 Mich. 264, is authority for the proposition that where the trial court has imposed an illegal sentence it has the power to substitute for it a legal sentence notwithstanding the illegal sentence has been partly executed.

*In re Butler*, 138 Mich. 453, and the cases there cited, sustain the rule that when there is a valid conviction and an irregular sentence which may, under the law, be corrected by a new sentence, habeas corpus will not be permitted to perform the function of a writ of error. It follows logically that the prayer of the petitioner cannot prevail.

His petition is denied and he is remanded to the custody of the respondent.

GRANT, C. J., and BLAIR, CARPENTER, and McALVAY, JJ., concurred.