*In re* SATT.

1. CRIMINAL LAW — COMMITMENT — VERDICT — HABEAS CORPUS — IRREGULARITIES.
   While a commitment of petitioner in habeas corpus insufficiently described his offense as "uttering and publishing a forged and counterfeit instrument at," etc., and while the verdict of the jury contained the same phraseology, which was not amplified or corrected by the judgment entry, the want of a complete recital of the offense of which he was found guilty, under a sufficient information, does not warrant his release on habeas corpus.

2. SAME—APPEAL AND ERROR—HABEAS CORPUS.
   Such irregularities do not nullify the judgment and are only reviewable in a court of errors.

3. SAME—PROBATIONS—SENTENCE—DISCRETION OF TRIAL COURT.
   Where respondent was released on probation under Act No. 91, Pub. Acts 1903, as amended by Act No. 32, Pub. Acts 1905, and left the State, although by permission of one of the judges of the court which convicted him, a sentence thereafter imposed, on the ground that he had violated his parole, without specifying that he had violated his parole by leaving the State, was not a nullity.

Habeas corpus by Louis Satt against James Russell, warden of the branch of the State's prison at Marquette, to determine the legality of petitioner's detention. Writ issued December 3, 1910. Submitted January 3, 1911. (Calendar No. 24,395.) Decided and prisoner remanded into custody February 1, 1911.

*Louis Satt, in pro. per.*

*Franz C. Kuhn*, Attorney General (*George S. Law*, Assistant Attorney General, of counsel), for the people.

OSTRANDER, C. J. The return made by the warden shows that the petitioner is in custody by virtue of a commitment issued out of the recorder's court of the city of

Detroit, and a copy of the commitment is exhibited. It recites that on November 10, 1908, upon his plea of not guilty and after trial, respondent was convicted "of having on the 17th day of September, A. D. 1908, committed the crime of uttering and publishing a forged and counterfeit instrument at the city of Detroit, county of Wayne, Michigan," and on August 30, 1909, said court determined and adjudged that he should be committed to the State's prison at Marquette for a period of not less than 7 years and not more than 14 years. Petitioner having produced a certified copy of the record of his trial and conviction, and the attorney general having agreed that the correct record is exhibited, we have examined it. *In re Lewis*, 124 Mich. 199 (82 N. W. 816). The examination discloses that petitioner was informed against for an offense described in 3 Comp. Laws, § 11660, upon conviction of which the sentence which was imposed may be lawfully imposed. It also discloses that the jury found the petitioner guilty "of uttering and publishing a forged and counterfeit instrument." The judgment entry does not contain any recital correcting, or in any manner aiding, the record of the verdict. In fact, the petitioner was at first enlarged upon probation, in charge of a probation officer, to appear for sentence on March 3, 1910. This, by an order made March 3, 1909. The judgment entry is:

" At a session of the recorder's court of the city of Detroit, held in and for said city, at the courtroom of said court, on Monday the 30th day of August in the year of our Lord, nineteen hundred and nine.

" Present: Hon. James Phelan, recorder of the city of Detroit, and Hon. William F. Connolly, judge of the recorder's court of the city of Detroit.

" File No. 13,945.

" *The People of the State of Michigan* ⎫
vs.                                                     ⎬
" *Louis Satt.*                                    ⎭

" Heretofore convicted.

" Before Judge Connolly.

" Said defendant having violated the terms of his parole is this day brought into court for sentence, and having

been asked by the court if he had anything to say why the sentence of the court should not be pronounced, and having been heard in response to said inquiry, is sentenced by the court, he being now of the age of twenty-four (24) years, to be committed to the branch of the State prison at Marquette, in the county of Marquette, and therein confined for a term of not less than seven (7) years nor more than fourteen (14) years, with the maximum recommendation of fourteen (14) years.

"Warrant and commitment papers issued.

"JAMES PHELAN,
"Recorder of the City of Detroit."

It is apparent that the commitment describes no offense, upon conviction of which the sentence may be lawfully imposed. The entry of the verdict is also, and in the same respect, defective. It is contended, in substance, that the verdict does not support the judgment; that it is, in legal effect, a verdict of acquittal, because necessary elements of the substantive offense are not enumerated therein. The petitioner having personally presented his case, orally and by a brief, we would not willingly neglect to consider such argument as his main contention suggests. Such suggestions in his favor as are made, and such as occur to us, are answered by saying that it appears he was charged with the commission of an offense for which the punishment which was imposed may be lawfully imposed. He was tried and sentenced in a court of competent jurisdiction. The judgment of the court is not a nullity, and such mistakes, if any, as were made by the court ought to be asserted in a court of errors. *In re Casey,* 27 Wash. 686 (68 Pac. 185); *In re Eckart,* 166 U. S. 481 (17 Sup. Ct. 638); *In re Ellen Bushey,* 105 Mich. 64, 70 (62 N. W. 1036); *In re Lewis,* 124 Mich. 199 (82 N. W. 816). The error of recital, or rather the want of a complete recital, of the statute offense in the commitment is not, in view of the facts disclosed and above stated, reason for enlarging the petitioner.

A contention is made, based upon the conduct of the trial court in first releasing petitioner upon probation and later

imposing sentence. It is evident that the court proceeded in accordance with provisions of Act No. 91, Pub. Acts 1903, as amended by Act No. 32, Pub. Acts 1905, known as the probation law. It is alleged that one of the judges of the recorder's court consented in writing that the petitioner might leave the State of Michigan; that he did leave it, and was later brought into the State from St. Louis, Mo., and sentenced. It does not appear from the transcript of the record that the finding of the trial court that petitioner had violated the terms of his parole was based upon his absence from the State. It is alleged that petitioner was forced to return from another State. The contention is answered by what has already been said. The court, respondent being then in custody, exercised the discretion reposed by the statute in the court. The judgment of the court was not a nullity.

We do not find petitioner entitled to be discharged from custody, and it is the order of the court that he be remanded to the custody of the warden who produced his body in court.

BIRD, HOOKER, BLAIR and STONE, JJ., concurred.