*In re* JOSEPH.

1. PROCESS—SERVICE—ATTACHMENT OF NOTICE OF RULE TO PLEAD TO DECLARATION.

   Attachment to the declaration of the notice of the rule to plead instead of writing it upon the back of the document was not such a defect as vitiated the service and the proceedings.

2. HABEAS CORPUS—VALIDITY OF JUDGMENT—WRIT OF ERROR.

   Where, in an action for the conversion of goods, the court acquired jurisdiction of both the subject-matter and the parties, and a writ of *capias ad satisfaciendum* was issued out of said court following a judgment against defendant by default, said judgment is not open to collateral attack in *habeas corpus* proceedings brought in the same court; a writ of error being the appropriate remedy.

Certiorari to Crawford; Sharpe, J. Submitted June 3, 1919. (Docket No. 13.) Decided July 17, 1919.

*Habeas corpus* proceedings by Henry Joseph to obtain his release from custody under a writ of *capias ad satisfaciendum* by the American Express Company. From an order discharging defendant from custody,

plaintiff brings certiorari. Reversed, and writ dismissed.

*George L. Alexander* and *Campbell, Bulkley & Ledyard* (*Wilson W. Mills,* of counsel), for appellant.

*Sprague & Shepherd,* for appellee.

The K. & W. Rubber Company of Ashland, Ohio, shipped to Henry Joseph at Grayling, automobile tires of the value of $1,835.68. The shipment was by express, C. O. D. When the tires reached Grayling, the express company being without storage room and the shipment not being paid for by the consignee, an arrangement was made by the company with Mr. Joseph to store the tires and safely keep them until he should pay for them. This he failed to do but converted them to his own use. An action was commenced by the express company in the circuit court for the county of Crawford by declaration. To the copy of the declaration served on the defendant was attached a notice of the rule to plead. In due course of time defendant's default was entered and judgment followed. The judgment contains the following:

"And, it having been shown by the testimony given upon the trial of this cause that said Henry Joseph did unlawfully and fraudulently convert the goods and chattels described in plaintiff's declaration, to his own use, as alleged in the declaration filed herein and that this cause might have been commenced by *capias ad respondendum* and that said defendant might have been held to bail thereon, it is ordered that execution against the body of said defendant may issue herein."

On October 15, 1918, a writ of *capias ad satisfaciendum* was issued out of said court upon such judgment, placed in the hands of the sheriff and executed. On December 14th this writ of *habeas corpus* directed to such sheriff was sued out by Mr. Joseph. Upon the hearing he was discharged. This is certiorari to re-

view the order and judgment in such *habeas corpus* proceedings.

FELLOWS, J. (*after stating the facts*). We are met at the threshold of this case with the question of whether the circuit court for the county of Crawford may, in this *habeas corpus* proceeding, inquire into the validity and enforceability of the judgment rendered in that court in the case of the American Express Company against Henry Joseph. The court had jurisdiction over the subject-matter of that case. We are not impressed that the attachment to the declaration of the notice of the rule to plead instead of writing it upon the back of the document was such a defect as vitiated the service and the proceedings. Bouvier's Law Dictionary, p. 1546; *Crosby* v. *Roub,* 16 Wis. 645. The court acquired jurisdiction of the parties. The court having jurisdiction of both the subject-matter and the parties, we conclude that under the authorities its judgment is not open to collateral attack in *habeas corpus* proceedings brought in the same court. As stated by Chief Justice OSTRANDER, speaking for the court in *Re Satt,* 164 Mich. 472:

"The judgment of the court is not a nullity, and such mistakes, if any, as were made by the court ought to be asserted in a court of errors."

It was stated by this court in *Re Coffeen,* 38 Mich. 311:

"Upon *habeas corpus,* if it should turn out there is no valid sentence, we could not render any judgment which would operate directly upon the judgment below. We shall not pass, therefore, upon its validity until we have it before us on writ of error, when every consideration can be examined properly, and complete justice done so far as the law will enable us to do it."

And in *Hamilton's Case,* 51 Mich. 174, this court said:

"An appellate court may no doubt make use of the writ as one means of exercising its supervisory power, but it is not to be employed as a writ of error by tribunals not possessing the appellate authority."

See, also, *In re Eaton*, 27 Mich. 1; *In re Underwood*, 30 Mich. 502; *In re Johnson*, 104 Mich. 343; *In re Bushey*, 105 Mich. 64; *In re Lewis*, 124 Mich. 199; *In re Butler*, 138 Mich. 453; *In re Vitali*, 153 Mich. 514.

12 R. C. L. p. 1192, with numerous sustaining authorities found in the foot note, thus states the rule:

"The writ of *habeas corpus* is not designed to interrupt the orderly administration of the laws by a competent court acting within the limits of its jurisdiction, but is available only for the purpose of relieving from illegal restraint, any persons restrained of their liberty by virtue of the final judgment of any competent tribunal or by virtue of any execution issued thereon are excluded, generally speaking, from the benefits of the writ, as such persons are not illegally restrained, but are deprived of their liberty by due process of law. Proceedings on *habeas corpus* to obtain release from custody under final judgment being in the nature of a collateral attack, the writ deals only with such radical defects as render the proceeding or judgment absolutely void, and cannot have the effect of an appeal, writ of error, or certiorari, for the purpose of reviewing mere error and irregularities in the proceedings leading to the final judgment or sentence of a court of competent jurisdiction by virtue of which the prisoner is committed, nor are mere defects in the judgment or sentence itself, or irregularities after it is pronounced, reviewable in this manner. If the court has jurisdiction of the person and the subject-matter, and could render a judgment upon a showing of any sufficient state of facts, any judgment which it may render, however erroneous, irregular or unsupported by evidence, will be sustained as against an attack by *habeas corpus*. This rule applies to inferior courts, and the judgment of an inferior court, such as a police court, mayors, magistrates, or justices, having jurisdiction conferred by law to try and dispose of a criminal case, is as conclusive and rests upon the

same basis, when the jurisdiction has attached, as the adjudication of any other common-law court. This rule that mere errors or irregularities are not ground for *habeas corpus* has been held to apply though no appeal or writ of error will lie to the judgment."

Section 13460, 3 Comp. Laws 1915, provides:

"The following persons shall not be entitled to prosecute such writ: * * *

"3. Persons convicted, or in execution, upon legal process, civil or criminal."

The writ of *habeas corpus* may not be used as a substitute for a writ of error or to perform its functions. In the instant case the question of whether the declaration in the case of the American Express Company against Henry Joseph stated sufficient facts to authorize a judgment for a body execution was a question reviewable by writ of error; by appropriate proceedings bringing to the attention of the court in that case the bankruptcy proceedings of Joseph that court could determine the question of whether such proceedings operated to discharge the defendant from the debt represented by the judgment, and this court upon writ of error would review such determination. *Bryant* v. *Kinyon*, 127 Mich. 152 (53 L. R. A. 801) ; *Field* v. *Howry*, 132 Mich. 687; *Prentis* v. *Richardson's Estate*, 118 Mich. 259; and so as to the other questions raised in this proceeding, a writ of error furnishes the appropriate remedy. We are constrained to hold, without passing on the questions raised as to the validity or enforceability of the judgment in the case of the American Express Company against Henry Joseph, that such questions may not be disposed of in this *habeas corpus* proceeding.

The case will therefore be reversed and the writ dismissed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.