*In re* GUILMETTE.

1. CRIMINAL LAW—SENTENCE—IRREGULARITY IN COMMITMENT.
    Where conviction and sentence are in accordance with law, designation in commitment of specific statute which has been repealed may be stricken as surplusage or be considered merely technical error not justifying discharge; and in any event it is irregularity which may be corrected by new sentence.

2. HABEAS CORPUS—APPEAL AND ERROR—IRREGULARITY IN COMMIT-
MENT—QUESTIONS REVIEWABLE.
   Writ of error, and not *habeas corpus,* is remedy for reviewing
   irregularity in commitment which may be corrected by new
   sentence.

*Habeas corpus* proceedings by Leo Guilmette, with accompanying certiorari to Herbert W. Runnels, Chippewa circuit judge, to obtain release from branch of State prison at Marquette. Submitted February 14, 1933. ·(Calendar No. 36,902.) Writs dismissed March 1, 1933.

*Leo Guilmette, in pro. per.*

FEAD, J. In May, 1931, defendant was duly convicted, on his plea of guilty, of assault with intent to do great bodily harm less than the crime of murder, and was lawfully sentenced to prison for a maximum term of ten years. 3 Comp. Laws 1929, § 16746. The commitment ordered that he be confined at hard labor, "to serve an indeterminate sentence under the provisions of Act No. 184, Pub. Acts 1905, and amendments," etc.

Defendant brings *habeas corpus,* .with ancillary writ of certiorari, upon the claim that the sentence was void, and he is entitled to discharge because the relevant section of Act No. 184, Pub. Acts 1905, had been repealed by the code of criminal procedure, 3 Comp. Laws 1929, §§ 17336, 17510. Both statutes provided the machinery for indeterminate sentences, and, as applied to this case, are substantially identical.

Because the conviction and sentence were in accordance with law, the designation of a specific statute in the commitment may be stricken as surplusage `(People v. Wright, 89 Mich. 70, 93; 16 C. J. p. 1313);

or be considered merely a technical error not justifying discharge (*In re Lewis,* 124 Mich. 199); and, in any event, it is an irregularity which could be corrected by a new sentence; and writ of error, not *habeas corpus,* is the remedy for review. *In re Butler,* 138 Mich. 453; *In re Vitali,* 153 Mich. 514 (126 Am. St. Rep. 535); *In re Satt,* 164 Mich. 472; *In re Gardner,* 260 Mich. 122.

Writ dismissed.

McDonald, C. J., and Clark, Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred.