RUSSELL *v.* PEOPLES WAYNE COUNTY BANK OF DEARBORN.

SAME *v.* PEOPLES WAYNE COUNTY BANK OF HIGHLAND PARK.

1. Banks and Banking—Liquidation—Receivers—Appointment—Interest of State.

The State, through its banking commissioner, has an interest requiring his approval of agreement between receiver of company, holding entire stock of two State banks, a national bank and a Federal financing agency which provided that depositors in the State banks be paid in full in cash and for appointment of a liquidator and an interest in subject-matter of suit growing out of such agreement and assertion of right by the Federal agency as a creditor to liquidate the assets of the State banks.

2. Same—Liquidation—Receivers—Parties.

   Since liquidation of State banks is under control of the State banking commissioner, he is properly a party in interest to suit by receiver of company, holding entire stock of two State banks, seeking appointment of liquidating receivers of such banks by a court.

3. Same—Receivers—Appointment—Attorney General—Intervention.

   Attorney general, representing interest of State in suit by receiver of company, holding entire stock of two State banks, seeking appointment of liquidating receivers held, not only to have a right to intervene in such suits but to move to dismiss bills therein for want of jurisdiction in the court to appoint receivers (1 Comp. Laws 1929, §§ 176, 187).

4. Same—Liquidating Receivers—Receivers—Appointment—Attorney General—State Banking Commissioner.

   Circuit court *held*, without jurisdiction to appoint liquidating receivers of State banks upon application of receiver of company holding entire stock of same, since statute provides for appointment of liquidating receivers on application of attorney general, acting in behalf of State banking commissioner (3 Comp. Laws 1929, § 11959, as amended by Act No. 7, Pub. Acts 1932 [1st Ex. Sess.]).

Appeal from Wayne; Richter (Theodore J.), J. Submitted March 23, 1936. (Docket Nos. 136, 137, Calendar Nos. 38,913, 38,914.) Decided April 7, 1936.

Separate bills by William F. Connolly, receiver of Detroit Bankers Company, a Michigan corporation, against Peoples Wayne County Bank of Dearborn and Peoples Wayne County Bank of Highland Park for appointment of receivers and other relief. Harry S. Toy, Attorney General, intervened and moved to dismiss bills of complaint. Motions denied. Suggestion of death of plaintiff William F. Connolly and order entered substituting John A. Russell as party plaintiff and successor to William F. Con-

nolly. David H. Crowley, successor to Harry S. Toy, as Attorney General, appeals. Cases consolidated for appeal. Reversed.

*A. W. Sempliner* and *Wm. Henry Gallagher,* for plaintiff.

*David H. Crowley,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for intervener.

WIEST, J. These two cases present the same questions.

William F. Connolly was receiver of the Detroit Bankers Company and among the assets of that company were all the shares of stock of defendant banks. The Reconstruction Finance Corporation, the Manufacturers National Bank, and Mr. Connolly, as receiver of the Detroit Bankers Company, entered into agreements which provided full cash payments to depositors of defendant banks and the appointment of a liquidator. The banking commissioner approved the agreement. Over a year later Mr. Connolly filed the bills at bar to have receivers appointed for defendant banks, alleging that the Reconstruction Finance Corporation had threatened to take over the liquidation of all the assets of defendant banks but without right to do so. Mr. Connolly died and Mr. Russell is his successor as receiver.

The attorney general asked for and was granted leave to intervene. Under such intervention the attorney general moved to dismiss the bills on the ground that the court was without jurisdiction in the premises. The motions were denied and are here for review by appeal of the attorney general.

Plaintiff contends that, provision having been made for the payment of all depositors in full, the

public had no interest in the litigation and the intervener had to accept the issues and could not move to dismiss the appeal.

The attorney general claims that his intervention is not governed by the general statute (3 Comp. Laws 1929, § 14019), requiring assertion of right to be "in subordination to, and in recognition of, the propriety of the main proceeding," but is founded upon specific statutory provisions empowering him "when in his own judgment the interests of the State require it, (to) intervene in and appear for the people of this State in any court or tribunal, in any cause or matter, civil or criminal, in which the people of this State may be a party or interested" (1 Comp. Laws 1929, § 176), and "such right of intervention shall exist at any stage of the proceeding, and the attorney general shall have the same right to prosecute an appeal, or to apply for a rehearing or to take any other action or step whatsoever that is had or possessed by any of the parties to such litigation" (1 Comp. Laws 1929, § 187).

Apparently the suits at bar grew out of the mentioned agreements, approved by the banking commissioner, and assertion of right by the Reconstruction Finance Corporation as a creditor and, therefore, the State, through its banking commissioner, with power over banks and banking, had an interest in the subject-matter of the litigation.

The liquidation by agreement was consented to by the banking commissioner and, inasmuch as liquidation of a State bank is under control of the banking commissioner, when plaintiff sought by the suit for the appointment of liquidating receivers rather than under the approved agreements, the banking commissioner was again a party in interest.

The attorney general not only had a right to intervene but to move to dismiss the bills for want of jurisdiction in the court to appoint a receiver.

Was the court in error in denying the motions to dismiss?

In *Stewart* v. *Algonac Savings Bank*, 263 Mich. 272, we held that, under the statute (3 Comp. Laws 1929, § 11959 *), a liquidating receiver for a State bank could only be appointed by a court upon application made by the attorney general, acting in behalf of the banking commissioner.

The motions to dismiss should have been granted.

Counsel have stipulated:

"That if an order is entered dismissing the above-entitled cause and the cause entitled 'William F. Connolly, receiver of Detroit Bankers Company, a Michigan corporation, plaintiff, *v.* Peoples Wayne County Bank of Highland Park, a Michigan banking corporation, defendant, No. . . . . .,' the only persons who will be affected will be those concerned in the following transactions:—In the case of the Peoples Wayne County Bank of Dearborn certain mortgage discharges and land contracts; in the case of Peoples Wayne County Bank of Highland Park certain mortgage discharges, land contracts and one deed. That further it has been arranged and agreed that if an order is entered in this court dismissing these proceedings each bank will respectively execute and deliver appropriate confirmatory instruments in all of said transactions."

The suits are dismissed. No costs.

NORTH, C. J., and BUTZEL, EDWARD M. SHARPE, and POTTER, JJ., concurred. FEAD, BUSHNELL, and TOY, JJ., did not sit.

---

* This statute was amended by Act No. 7, Pub. Acts 1932 (1st Ex. Sess.).—REPORTER.