PETITION FOR DISSOLUTION OF ST. JOHNS
BUILDING & LOAN ASSOCIATION.

1. Statutes—Re-enactment in Amendatory Act—Repeal by Implication.

The nominal re-enactment of a portion of an act in an amendment of a section does not operate as a repeal by implication of matter in another statute, enacted in the interim between the original and amendatory statutes, inconsistent with the re-enacted matter.

2. Same—Adequacy of Remedy.

The adequacy of the remedy provided by statute to protect and preserve the interests of all concerned argues convincingly for its exclusiveness.

3. Building and Loan Associations—Voluntary Dissolution—Court Supervision—Statutes.

Procedure set forth in building and loan association act for voluntary dissolution of such an association is not so comprehensive, specific, detailed or adequate as to show legislative intent to make it exclusive, and debar receivership under the protective court supervision as contemplated by the general corporation act and the judicature act, but merely affords an alternative procedure (3 Comp. Laws 1929, § 12159, as amended by Act No. 334, Pub. Acts 1937; § 15310; Act No. 327, § 65, Pub. Acts 1931).

4. Same—Dissolution.

Building and loan associations are not included in either the exceptions of the judicature act relating to the dissolution of corporations or exceptions of the general corporation act so as

References for Points in Headnotes

[1] 50 Am. Jur., Statutes, § 468.
[3, 4] 9 Am. Jur., Building and Loan Associations, §§ 84, 85.
[3, 4] Constitutionality, construction, and effect of statute relating to inspection, dissolution and liquidation of building and loan associations. 78 A.L.R. 1090.
[5] 14 Am. Jur., Costs, § 22.

to remove them from the provisions of both acts appertaining to dissolutions (3 Comp. Laws 1929, § 15310; Act No. 327, § 3, Pub. Acts 1931, as amended by Act No. 51, Pub. Acts 1937; § 65).

5. COSTS—PUBLIC QUESTION—DISSOLUTION OF BUILDING AND LOAN ASSOCIATIONS—STATUTES.

No costs are allowed on appeal of secretary of State and attorney general from order of circuit court denying their motion to dismiss petition for dissolution of building and loan association, filed under judicature act, based on contention building and loan association act provided exclusive provision for dissolution, a public question being involved (3 Comp. Laws 1929, § 12159, as amended by Act No. 334, Pub. Acts 1937; § 15310; Act No. 327, § 65, Pub. Acts 1931).

Appeal from Clinton; Cash (Paul R.), J. Submitted April 9, 1948. (Docket No. 62, Calendar No. 43,967.) Decided June 29, 1948.

Thomas E. Corkin and others petitioned for the dissolution of the St. Johns Building & Loan Association. Fred M. Alger, Jr., Secretary of State, and Eugene F. Black, Attorney General, intervened. Motion of intervenors to dismiss bill of complaint denied. Intervenors appeal. Affirmed.

*Leo W. Corkin* and *George G. Hunter,* for St. Johns Building & Loan Association.

*Edward W. Fehling,* for certain shareholders.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Maurice M. Moule,* Assistant Attorney General, for intervenors.

DETHMERS, J. Intervenors appeal from an order denying their motion to dismiss, contending that the dissolution of building and loan associations is permissible only in the manner provided in section 26 of the building and loan association act (Act No. 50,

§ 26, Pub. Acts 1887, as added by Act No. 17, Pub. Acts 1901 [3 Comp. Laws 1929, § 12159], and amended by Act No. 334, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 12159, Stat. Ann. 1943 Rev. § 23.568]), to the exclusion of proceedings brought, as here, under the provisions of chapter 40, § 1, of the judicature act of 1915 (3 Comp. Laws 1929, § 15310 [Stat. Ann. § 27.2354]), governing the dissolution of corporations generally, which reads as follows:

"Whenever the directors, trustees or other officers having the management of the concerns of any corporation, or the majority of them, shall discover that the stock, property and effects of such corporation have been so far reduced by losses or otherwise, that it will not be able to pay all just demands to which it may be liable, or to afford a reasonable security to those who may deal with such corporation, or whenever such directors, trustees or officers, or a majority of them, shall, for any reason, deem it beneficial to the stockholders that such corporation should be dissolved, they may apply by petition to the court of chancery for the county wherein said corporation is located for a decree dissolving such corporation, pursuant to the provisions of this chapter: Provided, That the provisions of this chapter shall not extend to any incorporated library or lyceum society; to any religious corporation; to any incorporated academy or select school not organized for pecuniary profit; nor to the proprietors of any burying ground incorporated under the laws of this State."

Section 65 of the general corporation act (Act No. 327, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 10135–65, Stat. Ann. § 21.65]) reads as follows:

"A corporation may be wound up or dissolved either voluntarily or involuntarily. If the proceedings are voluntary they may be conducted either out of court or subject to the supervision of the court.

If the proceedings are involuntary they must be subject to the supervision of the court. If the corporation shall be wound up or dissolved subject to the supervision of the court the proceedings shall be under the judicature act of nineteen hundred fifteen; except that any corporation, whose assets had been wholly disposed of under court order in receivership or bankruptcy proceedings may be summarily dissolved by order of the court having jurisdiction of such proceedings: a copy of such order shall be filed by the clerk of such court with the secretary of State."

Section 3 of the same act, as amended by Act No. 51, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 10135–3, Stat. Ann. 1947 Cum. Supp. § 21.3), reads as follows:

"One or more persons, natural or corporate, may incorporate under this act for the purpose of carrying on any lawful business except those desiring to incorporate the following:

"Banking corporations, industrial banks, insurance corporations, fraternal benefit societies, trust, deposit and security companies, *building and loan associations,* summer resort associations, railroad, bridge and tunnel companies, union depot companies, train railway companies, street railway companies, brine pipe line companies, telegraph companies, telephone companies, safety and collateral deposit companies, canal, river and harbor improvement companies, cemetery, burial and cremation associations, agricultural and horticultural fair societies and water power and water supplying companies; *the provisions of this act shall be applicable to such corporations,* except insurance, railroad, bridge, tunnel companies and union depot companies, *unless otherwise provided in, or inconsistent with, the act under which a particular corporation is or shall have been formed."*

Section 26 of the building and loan association act reads as follows:

"At the annual meeting, or at any meeting called for that purpose, any building and loan association of this State may, by the votes of shareholders owning two-thirds of the shares in force, resolve to liquidate and dissolve the corporation. In order to facilitate such dissolution, the board of directors may, if they deem it advisable, sell and transfer the mortgage securities and other property of such association to another corporation, person or persons, subject, however, to the vested and accrued rights of the mortgagors: Provided, That before said resolution shall have effect, a copy thereof, certified by the president and secretary of such association, together with an itemized statement of its assets and liabilities, sworn to by a majority of the board of directors, shall be filed with the secretary of State. After filing a copy of the resolution as aforesaid, it shall be unlawful for such association to issue stock or make any loans, but all of its income and receipts, in excess of the actual expenses of management, shall be applied to the discharge of its liabilities: Provided further, That any building and loan association operating under this section shall be subject to the same examinations, and shall be required to make the same reports to the secretary of State as is herein provided for solvent and going building and loan associations. The secretary of State may take possession of the business and property of any building and loan association which is in voluntary liquidation and proceed to liquidate its affairs as provided in this act, if, at any time, it shall appear to the secretary of State that the affairs of such building and loan association are not being administered or liquidated to the best interest of the creditors and shareholders."

In contending for the exclusiveness of the dissolution procedure provided in the building and loan association act, intervenors rely on *Paine* v. *Sauls-*

*bury,* 200 Mich. 58; *Stewart* v. *Algonac Savings · Bank,* 263 Mich. 272; *Russell* v. *Peoples Wayne County Bank of Dearborn,* 275 Mich. 415, and *State, ex rel. Attorney General,* v. *Court of Common Pleas of Franklin County,* 124 Ohio St. 269 (178 N. E. 258, 78 A. L. R. 1079).

The *Paine Case* did not involve a building and loan association. We there held that a petition for the dissolution of a corporation under the judicature act was not a good-faith application and ought to be denied when the facts disclosed not only that the corporation was solvent, but that the proceedings were brought solely to enable a majority of the stockholders to acquire the interests not otherwise available to them of the minority stockholders. The case does not support intervenors' theory that the voluntary dissolution of a solvent corporation may be had only under section 67 of the general corporation act and not, as provided in section 65 of that act, under chapter 40, § 1, of the judicature act.

The *Stewart Case* involved a bank receivership. We held that an act permitting appointment of a bank receiver by a circuit court on the petition of any creditor was superseded and, in that respect, repealed by implication by a subsequent act providing for such appointment only upon the application of the attorney general in behalf of the State banking commissioner. The *Russell Case,* involving also a bank receivership, held to the same effect, giving as the sole reason therefor the holding in the *Stewart Case.* The situation before us is not comparable inasmuch as the dissolution provision of the building and loan association act was enacted in 1901, before, not after, section 65 of the general corporation act of 1931, permitting corporate dissolution under the judicature act, and before the clause of section 3 of said act was added by Act No. 194, Pub. Acts 1935, and re-enacted by Act. No. 51, Pub. Acts 1937,

making the provisions of the general corporation act applicable to building and loan associations unless inconsistent with the provisions of the act under which they were formed. The nominal re-enactment in Act No. 334, Pub. Acts 1937, of the provisions of the 1901 act cannot operate as a repeal by implication, to that extent, of the pertinent provisions of the general corporation act. *Gordon* v. *People,* 44 Mich. 485; *Curbay* v. *Bellemer,* 70 Mich. 106.

In the *Stewart Case* this Court said:

"The act of 1929 expressed the intention of the legislature to repeal 'acts and parts of acts inconsistent with the provisions of this act,' and established rules and regulations special to banks and banking, under supervision of the banking commissioner, inclusive of closing and administering the affairs of insolvent banks through court action invoked and participated in by public officers. Clearly the *legislature,* having singled out the subjects of banks and banking, and having legislated on the subject as a comprehensive whole, *intended* the revision and codification to supersede former laws on the subject. See *People* v. *Marxhausen,* 204 Mich. 559 (3 A. L. R. 1505)."

In the same vein the supreme court of Ohio, in the case of *State, ex rel. Attorney General,* v. *Court of Common Pleas of Franklin County, supra,* said:

"The statutes to which attention has been directed provide the specific and adequate remedy which serves to protect, conserve and secure an equitable distribution of the assets of such company to those entitled thereto. *The adequacy of the remedy provided to protect and preserve the interests of all concerned argues convincingly for its exclusiveness.*"

The dissolution procedure set forth in the building and loan association act provides only for a vote for dissolution by shareholders owning two-thirds of the shares in force, after which the directors are

left to complete liquidation and dissolution without guideposts for their direction or safeguards for the protection of creditors or shareholders other than that the secretary of State, if it shall appear to him that the liquidation is not being conducted to their best interests, may proceed to liquidate the corporation's affairs in a manner not specified by the statute. The procedure is not so comprehensive, specific, detailed or adequate as to suggest a legislative intent to make it exclusive, debarring receivership under court supervision as contemplated by the general corporation act and the judicature act.

It is to be noted that in both the *Stewart Case* and the Ohio case it was held that the financial institutions involved could not be thrown into receivership and dissolution at the mere instance of a single depositor, but that, under the governing statutes, such proceedings could be instituted only on petition of the proper State officer. The Michigan building and loan association act contains no such provision. In both cases the proceedings contemplated by the statutes, which the courts held exclusive in the field, were court receiverships and dissolutions. Neither case is authority for the proposition, contended for by intervenors, that the legislature, when it provided for the sketchy dissolution procedure, without assistance from the courts, set forth in the building and loan association act, intended thereby to exclude proceedings for the dissolution of building and loan associations from the protective supervision of the courts.

Although section 3 of the general corporation act prohibits the incorporation thereunder of certain types of corporations, including building and loan associations, it nonetheless specifically provides that the other provisions of that act are applicable to such corporations unless inconsistent with the act under which such corporations are formed. We dis-

cern no inconsistency between the provision of the corporation act permitting dissolution under the judicature act and the provision for dissolution contained in the building and loan association act. Read together they afford alternative procedures in like fashion as has been provided for corporations generally by the provisions of section 65 and section 67 of the general corporation act. *In re Dissolution of Toynton-Brown Co.,* 303 Mich. 727. It will be observed, further, that building and loan associations are not included in either the exceptions listed in chapter 40, § 1, of the judicature act, relating to dissolution of corporations, or the exceptions listed at the conclusion of section 3 of the general corporation act so as to remove them from the provisions of both acts appertaining to dissolutions.

The order of the trial court is affirmed, without costs, a matter of public interest being involved.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.