Ex parte THURSTON.

(District Court, W. D. Washington, N. D. January 6, 1916.)

No. 3128.

1. CRIMINAL LAW ⊂⊃999(1)—COMMITMENT—WARRANT—NECESSITY—RETENTION OF PRISONER.

Where petitioner was delivered by the United States marshal, as directed in the order of sentence, to the United States penitentiary in which he was sentenced to be confined, and a certified copy of the order and record of the conviction was delivered to the warden, the prisoner was properly retained, though no warrant or mittimus was delivered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2550, 2553; Dec. Dig. ⊂⊃999(1).]

2. HABEAS CORPUS ⊂⊃30(3)—CONVICTION—SENTENCE.

Where the crime for which accused was convicted, and all the proceedings thereon, through trial and verdict up to the conviction and sentence, appear of record, the fact that the judgment of sentence merely sentenced accused to imprisonment in a federal penitentiary, but did not recite the crime of which he was committed, will not warrant his release on habeas corpus, for the whole record, taken together, showed the crime.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25; Dec. Dig. ⊂⊃30(3).]

At Law. In the matter of the petition of Thomas L. Thurston for writ of habeas corpus. Writ denied.

J. Henry Denning, of Seattle, Wash., for petitioner.

Clay Allen, U. S. Dist. Atty., of Seattle, Wash., for government.

NETERER, District Judge. Petitioner was indicted in the District Court for the District of the Territory of Alaska, Fourth Judicial District, for violation of section 195 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1125 [Comp. St. 1913, § 10365]), was arraigned, pleaded not guilty, and upon trial before a jury was found guilty as charged in the indictment. The defendant was sentenced to one year and three months imprisonment in the federal prison at McNeil

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Island, in this district. He has filed his petition for a writ of habeas corpus, alleging that he is unlawfully restrained of his liberty by the warden of the prison, and prays that he be released and discharged. He claims: First, that no commitment was issued upon which he can be legally held (section 1028, Revised Statutes U. S. [Comp. St. 1913, § 1694]); and, second, that no judgment was entered upon which he could be legally sentenced.

[1] The first objection is answered by the Supreme Court, in Re Wilson, 114 U. S. 417, 5 Sup. Ct. 935, 29 L. Ed. 89, in which the court held that a certified copy of the record of sentence to imprisonment is sufficient to authorize the retention of the prisoner without any warrant or mittimus. In the instant case the United States marshal was directed in the order of sentence to take the prisoner in custody and deliver him to the United States penitentiary at McNeil Island, in which he was sentenced to be confined for the time given, and a certified copy of the order and record of conviction was delivered to the warden of the prison.

[2] The second objection is disposed of by the Supreme Court in Pointer v. U. S., 151 U. S. 396, 14 Sup. Ct. 410, 38 L. Ed. 208, which holding was followed in Sandy White v. U. S., 164 U. S. 100, 17 Sup. Ct. 38, 41 L. Ed. 365. The specific objection of the petitioner is that the order of sentence does not state the offense of which he was convicted or that he was guilty of any crime. Judgment entered recites as follows:

"And the court having asked the defendants and each of them if there was any reason or cause why judgment should not be pronounced, and it appearing to the court that no reasonable cause exists why judgment should not be pronounced: Now, therefore, it is the judgment of the law and the sentence of this court that the defendant, Thomas L. Thurston, be confined in the United States Penitentiary at McNeil Island for a period of one year and three months, and that he be committed to the United States marshal for the Fourth division, territory of Alaska, for the execution of this sentence, and said marshal is hereby ordered to take said defendant, Thomas L. Thurston, in custody and deliver him to the United States penitentiary at McNeil Island, state of Washington, as in this judgment provided."

This judgment is certified by the clerk of the court. From the facts as disclosed by the record in this case, it is clear that the crime for which the prisoner was indicted, and all the proceedings thereon through trial and verdict up to conviction and sentence, fully appear in the record, and all parts of the record must be considered together, and, if a deficiency in one place can be made up by giving effect to other portions of the record, it must be done (1 Bishop, Criminal Procedure, §§ 1347, 1348; Pointer v. U. S., supra), and the failure in the sentence to name the crime for which the prisoner is sentenced is not fatal, where this is supplied by reference to other parts of the record of the trial (Pointer v. U. S., supra), and this manifestly appears from the record in this case.

The petition for writ will be denied.