## KOPPITZ v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.   April 4, 1921.)

No. 3604.

1. **Criminal law ⟨⟩1081—Sufficiency of notice of appeal tested by what appears on its face.**

A notice of appeal in a criminal case being in the nature of judicial process, its sufficiency must be tested by what appears on its face.

2. **Criminal law ⟨⟩1081—Notice of appeal held sufficient as to judgment appealed from and crime charged.**

A notice of appeal, properly entitled and directed, and stating that defendant appealed from a judgment of a United States commissioner and ex officio justice of the peace for a specified precinct and division, in such entitled action, on a specified date, in which defendant was tried without a jury on a criminal complaint signed by a private prosecutor on the charge of violating the Alaska Bone Dry Law, approved February 14, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3643b–3643r), and that defendant was found guilty and fined $250 and costs, or sentenced to imprisonment for 125 days, was sufficiently definite and certain as to the judgment appealed from and the offense of which defendant was convicted, especially where it was more specific than the judgment.

3. **Intoxicating liquors ⟨⟩13, 132—Alaska Bone Dry Law not repealed by constitutional amendment or national law.**

The Alaska Bone Dry Law, approved February 14, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3643b–3643r), was not impliedly repealed by Const. Amend. 18, or the National Prohibition Act.

In Error to the District Court of the United States for the Third Division of the Territory of Alaska; Fred M. Brown, Judge.

John Koppitz was convicted of a misdemeanor, and his appeal to the District Court was dismissed, and he brings error. Reversed and remanded, with directions.

B. O. Graham and Edward F. Medley, both of Cordova, Alaska, and E. E. Ritchie, of Valdez, Alaska, for plaintiff in error.

William A. Munly, U. S. Atty., of Valdez, Alaska.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

HUNT, Circuit Judge.   Koppitz was tried, convicted, and sentenced for a misdemeanor in the commissioner's court in Alaska, Third division, Cordova precinct. After formalities the complaint accused him in these words:

"* * * Violating the Alaska Bone Dry Law, 'An act to prohibit the manufacture or sale of alcoholic liquors in the territory of Alaska, and for other purposes,' committed as follows, to wit: The said John Koppitz, in the territory of Alaska, and within the jurisdiction of this court, did willfully and unlawfully, on the 31st day of May, 1920, at Cordova, Alaska, be found drunk on the public streets, to wit, in said town of Cordova, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The complaint was signed and verified by William L. Fursman. The material part of the judgment entered by the commissioner is as follows:

"The above-named defendant, John Koppitz, having been brought before me, * * * charged with violating the Alaska Bone Dry Law, and having pleaded not guilty to said charge, * * * were each sworn and testified on behalf of plaintiff, and thereafter, defendant having no evidence to offer and the court being fully advised in the law in the premises, and by the court found guilty, and nothing appearing why sentence should not be pronounced, it is hereby adjudged for the crime aforesaid said defendants be sentenced," etc.

Thereafter, in due time, defendant Koppitz gave a "notice on appeal." After correctly giving the title of the court and the cause, the notice of appeal was addressed:

"To the United States of America, the Above-Named Plaintiff, the Hon. Wm. A. Munly, Attorney for Said Territory and Division, and Wm. L. Fursman, Private Prosecutor in the Above-Entitled Action: You will please take notice that John Koppitz, the above-named defendant, appeals from the decision and judgment given by Hon. R. H. L. Noaks, United States commissioner and ex officio justice of the peace for the Cordova precinct, Third division, territory of Alaska, in the above-entitled action on June 2, 1920, said action for which said defendant was tried on his plea of not guilty by the court without a jury on June 2, 1920, being a criminal complaint, signed by Wm. L. Fursman, as private prosecutor, charging the said defendant with the crime of violating the 'Alaska Bone Dry Law,' which is an act entitled 'to prohibit the manufacture or sale of alcoholic liquors in the teritory of Alaska, and for other purposes,' enacted by the United States Congress, and approved February 14. 1917. and that on said trial the said defendant was found guilty by the said United States commissioner and ex officio justice of the peace, and upon said conviction it was ordered and adjudged by the said United States commissioner and ex officio justice of the peace that the said John Koppitz be fined the sum of $250 and costs of the action, taxed at $25.05, or be imprisoned in the federal jail not exceeding 125 days. Dated at Cordova, Alaska, this 2d day of June, 1920."

The notice was signed by John Koppitz, defendant, and the record shows that the service of a true and correct copy of the notice of appeal was acknowledged at Cordova, Alaska, June 2, 1920, by "Wm. L. Fursman, private prosecutor in the above-entitled action." The notice was filed in the District Court, Territory of Alaska, Third Division, June 7, 1920. On the same day that the notice of appeal was served, a bond on appeal was also filed. The conditions of the bond recite that whereas, Koppitz was on June 2, 1920, before the commissioner for the Cordova precinct, Alaska, duly convicted of the crime of violating the Alaska Bone Dry Law (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3643b–3643r), "by being drunk in the public streets in violation of an act entitled 'An act to prohibit the manufacture or sale of alcoholic liquors in the territory of Alaska, and for other purposes,' * * * and upon said conviction it was ordered and adjudged," etc.

The District Court, on a motion of the United States attorney, dismissed the appeal on the ground that the notice of appeal "was void for the reason that the same did not describe and identify the judgment entered in the said commissioner's court or describe with particularity the crime for which defendant was convicted." The judgment of dis-

missal of the appeal gave judgment as it was given in the commissioner's court. Section 2559, Code Criminal Procedure of Alaska.

The main assignment necessary to be considered is whether the notice of appeal was sufficient to confer jurisdiction upon the District Court. Section 2550, Alaska Criminal Code, authorizes an appeal from a judgment of conviction in a justice's court to the District Court, as prescribed in chapter 43, Compiled Laws of Alaska. Section 2551 of the Code is as follows:

"That an appeal may be taken within thirty days from the date of the entry of the judgment by serving a notice upon the district attorney or upon the private prosecutor in the action and filing the original, with the proof of service indorsed thereon, with the justice, and by giving the undertaking for the costs of the appeal as hereinafter provided."

[1, 2] A notice of appeal being in the nature of judicial process, its sufficiency must be tested by what appears on its face. Applying this rule to the present case, we are of the opinion that the notice was sufficient. It gave the court and title of the action; it notified those to whom it was addressed that Koppitz appealed from the decision and judgment given by the United States commissioner and ex officio justice of the peace for the Cordova precinct, Third division, territory of Alaska, in the entitled action on June 2, 1920; it stated that the action referred to was that in which Koppitz was tried by the court without a jury on June 2, 1920; that the trial was upon a criminal complaint signed by Wm. L. Fursman, as private prosecutor; that the charge was that the defendant committed the crime of violating the Alaska Bone Dry Law, which was specified as the act of Congress to prohibit the manufacture or sale of alcoholic liquors, and for other purposes, approved February 14, 1917. The notice also specifically stated that on the trial Koppitz was found guilty by the commissioner, and that upon conviction judgment was ordered that he be fined $250 and costs of the action, or that he be imprisoned in the federal jail not exceeding 125 days.

This notice was sufficiently definite and certain to enable the District Court to identify the judgment appealed from, and that the judgment was for violation of a particular statute. It may have been defective in not giving the particular section of the described act of Congress which defined the elements of the offense for which the defendant was convicted, but the description of the judgment left no reasonable doubt of its identity. It was even more specific than was the judgment entered by the commissioner against the defendant, and which the government would enforce as valid. As said by the Supreme Court of Oregon in Mendenhall v. Elwert et al., 36 Or. 375, 52 Pac. 22, 59 Pac. 805, in quoting from Crawford v. Wist, 26 Or. 596, 39 Pac. 218:

"The tendency of the court, as indicated by recent decisions, is to construe notices of appeal liberally, and hold them sufficient if, by fair construction or reasonable intendment, the court can say that the appeal is taken from the judgment in a particular case."

See Neppach v. Jordan, 13 Or. 246, 10 Pac. 341; State v. Hanlon, 32 Or. 95, 48 Pac. 353; 24 Cyc. 689; 3 Corpus Juris, p. 1226.

[3] The contention of defendant that the complaint on its face is invalid, because it charged that the offense was committed on May 31, 1920, and that the Alaska Bone Dry Law was impliedly repealed by the Eighteenth Amendment and the National Prohibition Act (41 U. S. Stat. [1919] p. 305) is not well founded, for this court ruled to the contrary in Abbate v. United States, 270 Fed. 735.

Because of the error of the court in holding the notice of appeal void, the judgment is reversed, and the cause is remanded, with directions to the District Court to entertain jurisdiction.

Reversed and remanded.