## UNITED STATES v. BOLAND.

Third Division.   Fairbanks.   October 26, 1923.

No. 876–C.

**I. Intoxicating Liquors ⬡➞245—Statutes—Searches and Seizures.**

Defendant was arrested for having intoxicating liquor in his possession.   Before trial a motion for the suppression of the evidence was filed, supported by affidavits and other evidence showing the search was made in his dwelling house, under a search warrant issued under the provisions of the Alaska Bone Dry Law (48 USCA §§ 261–291 [U. S. Comp. St. §§ 3643b–3643r]). *Held*, that that clause in the National Prohibition Act (title 2, § 25 [27 USCA § 39]), passed subsequent to the date of the Alaska Bone Dry Act, which provides that "no search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor," etc., being a later expression of Congress and inconsistent therewith, repeals so much of the Bone Dry Act as permitted a search of a dwelling house, except within the provisions of the National Prohibition Act, relating to search warrants.

**2. Intoxicating Liquors ⬡➞245, 248—Statutes—Searches and Seizures.**

In any search of a residence actually occupied as such, under the Bone Dry Law (48 USCA §§ 261–291 [U. S. Comp. St. §§ 3643b–3643r]), or under the National Prohibition Act (27 USCA), the latter is the only authority upon which a search can be conducted legally, and the affidavit and search warrant must show that it is a residence which is occupied as such, and is being used for those unlawful acts mentioned in the National Prohibition Act, before a search warrant can legally issue; and, where the affidavit and search warrant do not so show, the issuance of the search warrant is unauthorized, and the commissioner has no authority to issue it, and any search made under it is illegal, unwarranted and prohibited by law, and the evidence so obtained is inadmissible, and will be suppressed on motion.

**3. Appeal and Error ⬡➞781 (I)—Moot Case.**

After decision of October 26, on the motion to suppress the evidence in this case, it was dismissed by the United States attorney; thereafter the government presented a petition for appeal, and requested the judge to allow the appeal, so the conflicting opinions in the four divisions in Alaska on the matter of search warrants under the National Prohibition Act (27 USCA) and the Alaska Bone Dry Act (48 USCA §§ 261–291 [U. S. Comp. St. §§ 3643b–3643r]) could be examined by the Circuit Court of Appeals, and the procedure rendered uniform. *Held*, since the case was dismissed on the motion of the government, the question is moot, and there is nothing to appeal from; denied.

⬡➞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

G. B. Erwin, of Fairbanks, and L. R. Gillette, of Twisp, Wash., for the United States.

T. A. Marquam, of Fairbanks, for defendant.

CLEGG, District Judge.   In this case the defendant has been charged by information under the provisions of the Alaska Bone Dry Law (39 Stat. at Large, p. 903, and following pages [48 USCA §§ 261–291; U. S. Comp. St. §§ 3643b–3643r]) with the crime of "willfully, unlawfully, and knowingly having in his possession alcoholic intoxicating liquors, viz. home brew beer, containing largely in excess of one-half of 1 per cent. by volume of alcohol, said liquors being then and there so possessed by said defendant for the purpose and with the intent of sale, barter, exchange, and otherwise unlawfully furnishing the same for beverage purposes," in violation of the Alaska Bone Dry Law.

While the case is pending for trial and before it is reached on the trial calendar, the defendant, by his attorney, has filed a motion for the suppression of evidence, claiming that the search under which certain liquors were seized was unlawful and in violation of the defendant's constitutional rights, and that it was illegal, in that it was in violation of the express provisions of the National Prohibition Act (title 2, § 25 [27 USCA § 39]), which says that:

"No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose, such as a store, shop, saloon, restaurant, hotel, or boarding house.   The term 'private dwelling' shall be construed to include the room or rooms used and occupied not transiently but solely as a residence in an apartment house, hotel, or boarding house."

In the petition of the defendant for the suppression of evidence there is set up the affidavit upon which the search warrant was issued, the order for the search warrant, certain affidavits of three other parties, as well as the search warrant itself.   It appears from the affidavit for search warrant that the offense charged against the defendant was as follows:

"That he has in his possession and under his control and secreted in that certain cabin or residence occupied by him situated on lot 3, block 73, town site of Fairbanks, Alaska, a large quantity of alcoholic liquors, to wit, home brew beer, containing in excess of one-half of 1 per cent. of alcohol by volume, and other liquors, a particular de-

scription of which is to affiant unknown, with which liquors and the means of dispensing the same the defendant intends the commission of a crime, that is to say, the unlawful possession, barter, sale, and other unlawfully furnishing said intoxicating liquors for beverage purposes, contrary to the provisions of the Alaska Bone Dry Law."

It is also alleged in the petition for the suppression of evidence, which is signed and sworn to by the defendant, that it is his residence in which the seizure took place, and that fact is not denied by the government in any way, and must be taken to be true.

In opposition to the petition to suppress the evidence, the government has filed a motion to dismiss said petition on the following grounds, viz.: First, that said petition fails to state facts sufficient to justify the relief therein prayed for, or any relief, and the same shows upon its face that petitioner is not entitled to such relief; second, that said petition and the prayer thereof is for a purpose prohibited by law, and the court is without jurisdiction to grant the same, or any part thereof.

This motion on the part of the government will be denied; and it is so ordered, for reasons which will be hereinafter stated.

The identical question in this case, as I take it, which position is claimed by the attorney for the defendant, and is not contradicted by the government in the argument, was decided by this court, speaking through Judge Ritchie, in the case of United States v. Olson, which was reported in 6 Alaska, at page 571, in which it was held, referring to section 2 of the syllabus:

"Under the Alaska Bone Dry Law, enacted by Congress in 1917, there was no limitation upon the search of private dwellings as such. In section 25, tit. 2, of the National Prohibition Act, enacted by Congress in 1919, it is provided that 'no search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house.' To that extent the National Prohibition Act repeals the Alaska Bone Dry Law and the Alaska Code in respect to searches and seizures in private dwellings."

Notwithstanding the decision of Judge Ritchie, in which I concur in part, I have examined into this subject with as much care as the time at my disposal permits, and, although I arrive at the same conclusion as Judge Ritchie did under similar circumstances and under a similar state of facts, I offer different

reasons for the position that the court, takes, and will proceed to state them.

At page 576 of Judge Ritchie's opinion in the report above quoted a statement is made that "it must be noted that the Bone Dry Law is silent on searching dwellings." This is the position taken by the government on the argument in this case, and the court disagrees with the contentions of the government's attorney and with the statement of Judge Ritchie to this extent.

It may be said to be true, and not true, that " it must be noted that the Bone Dry Law is silent on searching dwellings." It is true to this extent, that the Bone Dry Law expressly does not mention the word "dwelling"; but it is untrue in this respect, that with reference to the provision governing search warrants under the Alaska Bone Dry Act, section 17 (48 USCA § 278 [U. S. Comp. St. § 3643j]) does mention "house." That section recites:

"That if one or more persons who are competent witnesses shall charge, on oath or affirmation, before the district attorney or any of his deputies duly authorized to act for him, presenting that any person, company, copartnership, association, club, or corporation has or have violated or is violating the provisions of this act by manufacturing, storing, or depositing, offering for sale, keeping for sale or use, trafficking in, bartering, exchanging for goods, giving away, or otherwise furnishing alcoholic liquor, shall request said district attorney or any of his assistants duly authorized to act for him to cause to be issued a warrant, said attorney or any of his assistants shall cause to be issued such warrant, in which warrant the room, house, building or other place in which the violation is alleged to have occurred or is occurring shall be specifically described," etc.

And again it says:

"And said warrant shall be placed in the hands of the marshal, his deputy, or any town marshal or policeman in any town in which the room, house, building. or other place above referred to is located, commanding him to at once thoroughly search said described room, house, building, or other place. * * *"

There are three places there where the word "house" occurs, and of course it cannot refer to anything at all, unless it refers to a dwelling house, because, according to Webster, the word "house" is "a structure intended or used for human habitation, especially a human habitation which is fixed in place and is intended for the private occupation of a family or families." Prima facie, according to Webster, a house means a dwelling house.

Now you will observe that this section that I just read of the Alaska Bone Dry Act permits the issuance of a warrant for a dwelling house, when proof is presented to the district attorney that somebody has or have violated or is violating the provisions of the act by manufacturing, storing, depositing, offering for sale, keeping for sale or use, trafficking in, bartering, exchanging for goods, giving away, or otherwise furnishing alcoholic liquor.

Now the National Prohibition Act provides that "no search warrant shall issue to search any private dwelling occupied as such" only in one instance, viz. "unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house." And then the following occurs:

"The term 'private dwelling' shall be construed to include the room or rooms used and occupied not transiently but solely as a residence in an apartment house, hotel, or boarding house."

That section must be taken to mean that this is an additional definition to the usual definition of "private dwelling" as used in the National Prohibition Act. So that the situation is presented that the provisions of section 17 of the Alaska Bone Dry Act authorize the issuance of a warrant against a dwelling for a number of reasons, and the National Prohibition Act only authorizes the issuance of a warrant to search a dwelling for one reason, so that manifestly there is an inconsistent state of the law presented thereby; that is to say, both provisions, the provisions of the Alaska Bone Dry Act, on the one hand, and the provision of the National Prohibition Act, which I have just quoted, on the other, are inconsistent. They are not only inconsistent, but they are absolutely incompatible; they cannot stand together.

Webster defines "inconsistent" as "contradictory, repugnant, irreconcilable, and discrepant." Under this definition I hold that there is an inconsistency amounting to an absolute incompatibility between these two provisions of these two laws with reference to authority to search dwelling houses.

The National Prohibition Act provides that "all provisions of law that are inconsistent with this act are repealed only to the extent of such inconsistency and the regulations herein pro-

vided for the manufacture or traffic in intoxicating liquor shall be construed as in addition to existing laws"; that is to say, as in addition to existing laws where they are not inconsistent. 41 Stat. 317, tit. 2, § 35 (27 USCA § 52).

I rely upon the case of Washington v. Miller, 235 U. S. 422, 35 S. Ct. 119, 59 L. Ed. 295, cited in the opinion of the court in the case of Abbate v. United States (C. C. A.) 270 F. 735, for the rule there stated is as follows:

"Where there are two statutes upon the same subject, the earlier being special and the later general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is intended to remain in force as an exception to the general."

I hold that the exception must fall in this case, because there appears to be an absolute incompatibility between the provisions of the two sections under consideration in the respective laws.

There is nothing in this holding which conflicts with the holding of the Circuit Court of Appeals in the case just referred to, viz. Abbate v. United States, 270 F. 735. In that case the Circuit Court of Appeals held:

"That the Bone Dry Law of Alaska remains in force, just as do the prohibition laws of the states, and the National Prohibition Act, although in force in all jurisdictions, affects no more the Alaskan act than it does the state acts."

This is a statement of the court to the effect that the act generally remains in force, but it can have no bearing at all upon a search warrant statute, inconsistent with the express provisions of the act; that is, the National Prohibition Act itself, which says that "all provisions of law * * * inconsistent [herewith] are repealed."

There is no way to harmonize the effective operation of both these provisions of law; they are in direct conflict. And the amendment to the National Prohibition Act, which is found in 42 Stat. part 1, passed November 23, 1921, in section 5 (27 US CA § 3) says:

"That all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this act."

So that under this section there is a direct conflict between section 17 of the Alaska Bone Dry Law and its provision with reference to the grounds for the issuance of a search warrant to search a house and the provisions of the National Prohibition Act, which says that:

"No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor."

So that under this section, the conflict being apparent and the court unable to harmonize the two sections and to give them force together, either one must fall, and this section says it is the prior law which must fall, and the National Prohibition Act shall prevail.

The court in the Abbate Case did not refer at all to anything in connection with search warrants, there is no question of search warrants raised, and they could not have the benefit at the time they rendered that decision of this law of November 23, 1921, amending the National Prohibition Act.

That is the same situation at the time the Circuit Court of Appeals rendered its decision in the case of Koppitz v. United States, 272 F. 96. This decision was rendered in the spring of 1921—April 4th. All that is held in that case was this, viz.: That the Alaska Bone Dry Law was not impliedly repealed by the Eighteenth Amendment and the National Prohibition Act; that is, they held that the whole law was not impliedly repealed. That was the contention made apparently by the attorney for the defendant. They did not consider, or have any reason to consider, whether or not any search warrant provision of the Alaska Bone Dry Act was inconsistent or in conflict with the provisions of the National Prohibition Act or the amendment thereto of November 23, 1921.

In the case of Simpson v. United States, 290 F. 963, decided by the Circuit Court of Appeals for the Ninth Circuit on May 28, 1923, the contention made by the defendant was that the Alaska Bone Dry Act—that is, the entire act—was unconstitutional and void. The court says this is no longer an open question, and refers to the two cases previously decided with reference to the Alaska Bone Dry Act, viz. Abbate v. United States (C. C. A.) 270 F. 735, Koppitz v. United States (C. C. A.) 272 F. 96. They also hold that, where the defendant's attorney

objects to the introduction of testimony and produces no proof
except his own bare statement of what he claims with reference
to an illegal search, the court is warranted in overruling his ob-
jection.     But where the proof is before the court by affidavit, ad-
mitted in the affidavit upon which the search warrant was issued,
and practically admitted in argument by the government attor-
neys on the motion to suppress the evidence, that it was a dwell-
ing house where the search was made, the situation is different.

So my conclusions are that in any search of a residence, ac-
tually occupied as such, under the Bone Dry Law or under the
National Prohibition Act, the latter is the only authority upon
which a search can be conducted legally, and the affidavit must
show that it is a residence which is occupied as such at the
time, that the residence is being used for the unlawful sale of
liquor, etc., and a search warrant issued upon such an affidavit
ought to show that the commissioner finds there is probable
cause to believe that the house is being used for the unlawful
sale of liquor, etc.; and, where the affidavit and search warrant
do not so show, the issuance of the search warrant is unauthor-
ized, and the commissioner has no authority to issue it, and any
search made thereunder is illegal, unwarranted by law, and pro-
hibited by the law, and evidence so obtained is inadmissible.   The
court cannot sanction what the law prohibits.

The motion will be sustained.

### On petition for an appeal.

I have before me a petition on appeal to the United States
Circuit Court of Appeals for the Ninth Circuit, at San Fran-
cisco, California, which is presented by the government in the
case of United States v. Boland, numbered 876 Criminal.

The government asks the court to authorize an appeal and to
sign this document marked "Petition for Appeal." The reasons
advanced are that the courts of the territory are not unanimous
on questions of procedure with reference to search warrants,
and that the Attorney General's office has directed the United
States attorney to have the matter tested by appeal to a higher
court at the earliest possible opportunity.

The court is entirely in sympathy with the desire to have the
law uniform, so far as the territory is concerned, in operating
either under the Bone Dry Act or the National Prohibition
Act, and settling the procedure with reference to search war-

rants under those acts, and much litigation that has occurred
here in the past two years has been with reference to questions
which arise under search warrant provisions of those acts, and
I think it is safe to say that the proper construction of those
provisions has given the courts not only a great deal of trouble,
but has taken up a great deal of time in determining, or attempt-
ing to determine, in accordance with settled adjudicated princi-
ples, what the procedure should be under the provisions of those
acts.

I would very much like to see the question that was decided
in this case discussed by a higher court, but I cannot see that
the court now would be warranted in signing or allowing this
petition for an appeal.

The case under which it arose is a criminal action, which
charges a violation of the Alaska Bone Dry Act. As authority
for the allowance of an appeal I am cited to no provision of the
Statutes or Code of Alaska, or Session Laws, which authorizes
the government to appeal from any part of a decision in a
criminal action.

It is contended by the government that this is not properly
a criminal procedure, although it is a necessary procedure in
a criminal action, and the procedure is referred to as a separate
and independent proceeding, invoking the equity jurisdiction of
the district court in the petition for an appeal.

I cannot give my consent to holding that a motion to suppress
evidence is a separate and independent proceeding, invoking
the equity jurisdiction of the court, at all. The authorities say,
where they do speak of it, that it is a collateral inquiry in crim-
inal proceeding. The main proceeding is criminal, and the in-
quiry which the courts are determined to make is a collateral
inquiry, for the purpose of deciding whether the evidence sought
to be excluded ought to be admitted, or ought to be excluded.
It presents no different question than any other objection to
testimony made on the ground it is incompetent, and the court
is required, in the trial of every criminal case, to pass upon
those questions continually throughout the trial with reference
to proper testimony.

The authorities the government cites in the statement made
to the court with reference to an allowance of appeal, or to
authorize this court to allow this appeal, the court did not think,
from hearing them read, or such portions of them as were read,

that they have any applicability to the question now before the court.

The public interest requires that litigation should be terminated, whether it is civil or criminal. The government have seen fit themselves voluntarily to terminate this litigation by a motion to dismiss, which was placed on file and upon which a hearing was had, and the court thereupon ordered the action dismissed according to their request and counsel states that the question that would be presented on appeal is a moot question, and admits that, so that the court would be authorizing no discretion whatever in permitting the government attorneys to prosecute this appeal, to the further hardship of the defendant, and to further expend government money uselessly in presenting to a higher court a question which they themselves admit is a moot question, which no court ever determines.

Now I hope that the district attorney will not cite to me any more the case of United States of America v. Catherine Ashworth, decided by Judge Lomen. It has some reference to the general question, and contains a discussion by the judge with reference to the necessity for enforcing liquor laws and all other laws, with which this court is heartily in accord; but a mere inspection of this opinion of Judge Lomen's shows that the attorneys for the defendant made a motion for the return of the property seized. On all the grounds stated in the motion as contained in the opinion, the court would have been justified in denying the motion in part, as he did deny it, merely on the ground that the property was contraband; but if the question had been raised that it should not be introduced in evidence, and that the officers should not be permitted to testify concerning it, under the objection of the defendant's attorneys that there was want of probable cause for the issuance of the warrant, the court would have been compelled to exclude the testimony, because it appears, from the statement on pages 2 and 3, what the warrant contained, what the affidavit contained, what the search warrant contained, and what the certificate of the district attorney contained, and that the finding of probable cause was made by the district attorney, and that no finding of probable cause was made by the commissioner who issued the search warrant. Under these circumstances, I have no doubt, if it had been called to the judge's attention, he would have excluded all evidence with reference to property seized in the trial of that action. The

court does not know, but 'probably on the trial of the action it was excluded. This was a motion made before trial. It certainly was entitled to be excluded under the facts stated in the opinion, under all recognized and established authorities dealing with that subject.

I do not know that there is anything in the case of United States v. Giovanetti, decided by Judge Reed in the First Division, and reported in 6 Alaska, 454, which conflicts either with the opinion rendered by Judge Ritchie or with the opinion rendered by myself with reference to the governing provision of the National Prohibition Act as applied to the Alaska Bone Dry Law, with reference to dwelling houses and searches therein.

As I recall that case, which I remember reading very carefully, it does not say anything at all about the provisions in the National Prohibition Act and the amendment thereto with reference to private dwellings.

It is clear, I think, from the reading of the opinion, that the court was not considering the question as to whether testimony should be excluded upon the trial of a case where it is illegally obtained by unlawful search in a defendant's dwelling. He does not refer to it, as I recall, at all, anywhere in the opinion, but it is merely a general discussion of the principles of search warrants, and largely declaratory, under the provisions of the Alaska Bone Dry Law and the National Prohibition Act, I take it, for the guidance of public officers mostly, although necessarily involved in the case that he was then deciding upon, just as some opinions that this court has rendered have been with the view of simplifying the work of the district attorney's office, and giving them in advance, with reference to some of these difficult 'provisions of these laws, some idea as the result, at least, of the court's study of them, and of his opinions formed after investigation and consideration of the provisions with reference to the adjudicated opinions of higher courts.

The ground on which I refuse to allow this appeal is upon the want of jurisdiction on the part of the court, because of the fact that the district attorney's office has already dismissed the case, and it is no longer pending in this court, and it cannot be revived here by an application for the allowance of an appeal.